13-3003
Zhang v. Holder

BIA
A200 819 223

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

MING-ZHU ZHANG,
> *Petitioner,*

    v.                                   13-3003
                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:                  Fuhao Yang, New York, NY.

FOR RESPONDENT:                  Stuart F. Delery, Assistant Attorney General;
                                 David V. Bernal, Assistant Director, Office of
                                 Immigration Litigation; Lindsay W. Zimliki,
                                 Attorney, Office of Immigration Litigation, United
                                 States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming-Zhu Zhang, a native and citizen of the People's Republic of China, seeks review of a July 12, 2013 decision of the BIA denying her motion to reopen. *In re Ming-Zhu Zhang*, No. A200 819 223 (B.I.A. Jul. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is undisputed that Zhang's motion to reopen was untimely because she filed it in May 2013, eight months after her order of removal became final. 8 U.S.C. § 1229a(c)(7)(C)(i)

(setting 90-day deadline for filing to reopen); 8 C.F.R. § 1003.2(c)(2) (same). That time limit may be excused by demonstrating that counsel was ineffective. *Iavorski v. INS*, 232 F.3d 124, 126-29 (2d Cir. 2000). However, to establish ineffective assistance so as to warrant equitable tolling, the movant must show that "competent counsel would have acted otherwise," and that "[s]he was prejudiced by . . . counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted).

As the BIA determined, the new evidence Zhang provided with her motion did not show that any errors committed by counsel undermined the agency's adverse credibility determination. The letters may show her ability to corroborate her allegations of past persecution, but do not resolve the problems with her demeanor or her inconsistent testimony. Further, she provided no documentation of her alleged marriage to a United States citizen, and her application for adjustment on that basis remains pending. Accordingly, as Zhang did not meet her burden to show prejudice, the BIA did not abuse its discretion in denying her motion to reopen as untimely.

Additionally, we typically lack jurisdiction to review the BIA's refusal to exercise its authority to reopen proceedings *sua sponte*. *See Ali*, 448 F.3d at 518. There is a limited exception where the agency bases its denial on a misperception of the law. *See Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009). Here, however, jurisdiction is lacking. The agency explicitly stated that it was denying Zhang's motion as a matter of discretion and did not make any determination regarding Zhang's eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk